YELVERTON, Judge.
Christopher Brett Taylor filed suit against his former employer, Carlberg Supply, Inc., for alleged unpaid commissions as well as penalties and attorney’s fees. From a judgment in favor of the defendant dismissing plaintiff’s suit, plaintiff appeals. We affirm.
Plaintiff was employed by the defendant supply company from October 18, 1982, until April 18, 1984, as an outside salesman. He was paid a $1500 monthly draw to be applied against his commissions. The parties originally agreed that should plaintiff ever leave the defendant’s employ, he would not be entitled to any commissions *1117 beyond the date of his leaving. However, in April 1984 Carlberg and the plaintiff entered into a different agreement. The terms of this verbal agreement make up the dispute in this case. Plaintiff testified that in the early part of April, after he announced he was leaving, he agreed to train new personnel and that in return Carlberg agreed to extend his commission statements through the months of May and June with April as the final closing month. Plaintiff argues that under the terms of this later agreement the defendant owes him commissions for May and June 1984.
Carlberg stated that he did agree to extend plaintiffs commission statements through June but that this was conditioned on plaintiff staying until the end of April. Plaintiff left on April 18 at noon. Due to this early departure Carlberg declared that he felt the subsequent agreement never became effective and he paid plaintiff only the April commission.
The trial court evidently believed Carl-berg’s version of the oral agreement, and determined that plaintiff was not entitled to commission statements for the months of May and June because he failed to stay until the end of April.
A reviewing court must give great weight to the factual determinations of the trier of fact and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal absent clear error. Cormier v. Cormier, 479 So.2d 1069 (La.App. 3rd Cir.1985).
We find no manifest error in the trial court’s determinations.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.